UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-45420-mlo

**David Allen Dziwanowski**  Chapter 7

    Debtor.  Hon. Maria L. Oxholm
_____/

# MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(3)

Daniel M. McDermott, United States Trustee, states as follows:

1. The Court has jurisdiction of this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This Motion is filed under 11 U.S.C. § 707(b)(3). A proposed Order is attached.

2. The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on April 10, 2019.

3. The Debtor's obligations are primarily consumer debts.

4. The Debtor scheduled nonpriority unsecured debt of $139,508.95.

5. The Debtor's Schedule I lists gross monthly income of $9,670.93.

6. Schedule I, line 5c, lists a voluntary contribution to a retirement plan in the amount of $958.

7. Schedule I also lists a payment for "Flex" in the amount of $390.

8. These voluntary contributions, $1,348 in total, should be considered disposable income available to pay creditors.

9. The Debtor's total net income, *without* the deductions described in paragraphs 6 and 7, is $3,589.05.

10. According to Schedule J, the Debtor's monthly expenses are $2,237.00.

11. With the additional funds described in paragraph 8, the Debtor has $1,352.05 per month to pay creditors ($3,589.05 net income less $2,237 monthly expenses).

12. In addition, Schedule I lists lease payments for two vehicles and the insurance cost associated with both vehicles in the total amount of $1,203.94. The Debtor is single, with the need for only one vehicle. These expenses can be reduced by the cost of one of the vehicles.

13. The Debtor has an ability to pay creditors, and he is not needy of chapter 7 relief.

**WHEREFORE**, the United States Trustee respectfully requests the entry of an order dismissing the above-captioned Chapter 7 case.

                                      Respectfully submitted,

                                      **DANIEL M. McDERMOTT**
                                      **UNITED STATES TRUSTEE**
                                      Region 9

                        By:   /s/ Jill M. Gies
                               Trial Attorney
                               Office of the U.S. Trustee
                               211 West Fort St - Suite 700
                               Detroit, Michigan 48226
                               (313) 226-7913
                               Jill.Gies@usdoj.gov
                               [P56345]

Dated: May 9, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-45420-mlo

**David Allen Dziwanowski**  Chapter 7

    Debtor.  Hon. Maria L. Oxholm
_____/

## ORDER DISMISSING CHAPTER 7 CASE

This case is before the Court on the Motion of the United States Trustee for an order dismissing the above-captioned case under the provisions of § 707(b)(3) of the Bankruptcy Code.

No timely response or objection to the Motion has been filed. The Court, has considered the pleadings, and finds good cause to enter this Order.

**IT IS ORDERED** that the Motion is granted, and this case is **DISMISSED**.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Case No. 19-45420-mlo

**David Allen Dziwanowski**                                     Chapter 7

                                                                Hon. Maria L. Oxholm
        Debtor.
                                                        /

## NOTICE OF MOTION TO DISMISS CHAPTER 7 CASE

The United States Trustee has filed papers with the court to dismiss this case.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.).

If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

1.      File with the court a written response or an answer, explaining your position at:[1]

U.S. Bankruptcy Court
211 West Fort Street,
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:     Jill M. Gies
                                   Office of the United States Trustee
                                   211 West Fort Street, Suite 700
                                   Detroit, MI 48226

2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                        **DANIEL M. McDERMOTT**
                                        **UNITED STATES TRUSTEE**
                                        Region 9

                                By      /s/ Jill M. Gies
                                        Trial Attorney
                                        Office of the U.S. Trustee
                                        211 West Fort St - Suite 700
                                        Detroit, Michigan 48226
                                        (313) 226-7913
                                        Jill.Gies@usdoj.gov
                                        [P56345]

Dated: May 9, 2019

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

In re:

**David Allen Dziwanowski**

    Debtor.
_____/

Case No. 19-45420-mlo

Chapter 7

Hon. Maria L. Oxholm

# MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(3)

**Dismissal Under 11 U.S.C. § 707(b)(3)**

This Court may dismiss Debtors' case if the totality of the circumstances of Debtors' financial situation demonstrates abuse.

Section 707(b)(3) provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
>
> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

**Ability to Pay**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with

a mere "abuse" standard. Under pre-BAPCPA law, substantial abuse could be found where a debtor had sufficient income to repay his or her debts. See, e.g., *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), (indicated that courts should examine, under the totality of the circumstances, both the integrity and honesty of a debtor's dealings with his creditors, as well as whether the debtor is "needy"). The Court, however, stated that:

> Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to warrant dismissal. For example, a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease.

*Id.* at 126 (citations omitted)(emphasis added). Ability to repay debts therefore continues to be grounds for dismissal under the amended § 707(b)(3).

**Voluntary Contributions to a Retirement Account**

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), courts consistently held that voluntary retirement contributions and repayment of retirements loans were not reasonably necessary for the support of debtors and their dependents, and therefore should be considered disposable income when analyzing a debtor's financial circumstances and the ability to pay test under §707(b)(3). See *In re Harshbarger*, 66 F.3d 775 (6th Cir. 1995) and *In re Behlke*, 358 F.3d 429 (6th Cir. 2004).

2

Post BAPCPA, many courts have adopted a case-by-case approach to determine which retirement related expenses should be considered available disposable income. See *In re Beckerman*, 381 B.R. 841 (Bankr. E.D. Mich. 2008) (finding that factors such the debtor's age, income level and the amount of retirement contributions relevant to determining whether the contributions are reasonable and necessary.)

Recent decisions make it clear that in the context of a §707(b)(3) motion to dismiss, a debtor's voluntary contributions to retirement accounts may still properly be considered disposable income. "Notwithstanding these legislative changes to treatment of certain retirement contributions and loan repayments as disposable income in chapter 13 plans, courts have continued, quite appropriately, evaluating them as part of the totality of the circumstances under §707(b)(3)." *In re Tucker*, 389 B.R. 535 (Bankr. N.D. Ohio 2008). See also *In re White*, 2015 Bankr. 2015 WL 6733878 (Bankr. N.D. Ohio 2015); *In re Robinson*, 2015 Bankr. LEXIS 719 (Bankr. N.D. Ohio 2015); *In re Hilmes*, 438 B.R. 897 (N.D. Tex. 2010), *In re Bender*, 373 B.R. 25, 110 (Bankr. E.D. Mich. 2007)(McIvor, J.).

**Conclusion**

The Debtor's attempt to obtain relief under Chapter 7, considering the totality of his financial circumstances, is an abuse of chapter 7. *In re Krohn*, 886 F.2d 123, 126

3

(6th Cir.1989), *In re Keating*, 298 B.R. 104, 110 (Bkrtcy. E.D.Mich. 2003)(McIvor, J.). For the reasons stated above, the Court should dismiss this case as an abuse of Chapter 7.

                              Respectfully submitted,

                              **DANIEL M. McDERMOTT**
                              **UNITED STATES TRUSTEE**
                              Region 9

                 By:    /s/ Jill M. Gies
                         Trial Attorney
                         Office of the U.S. Trustee
                         211 West Fort St - Suite 700
                         Detroit, Michigan 48226
                         (313) 226-7913
                         Jill.Gies@usdoj.gov
                         [P56345]

Dated: May 9, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:	Case No. 19-45420-mlo

**David Allen Dziwanowski**	Chapter 7

　　　　Debtor.	Hon. Maria L. Oxholm
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2019, I served copies as follows:

1. Documents Served:	*Motion to Dismiss, Notice of Motion, Memorandum* and *Certificate of Service.*

2. Served Upon:	David Allen Dziwanowski
　　　　55577 Hearthside Drive
　　　　Utica, MI 48316-5329

3. Method of Service:	First Class Mail

　　　　**DANIEL M. McDERMOTT**
　　　　**UNITED STATES TRUSTEE**
　　　　Region 9

　　　　By:	/s/ Jill M. Gies
　　　　Jill.Gies@usdoj.gov
　　　　Trial Attorney
　　　　Office of the U.S. Trustee
　　　　211 West Fort Street - Suite 700
　　　　Detroit, Michigan 48226
　　　　313.226.7913

Dated: May 9, 2019